Wilder *v.* Lane.

WILDER and others *vs.* LANE and others.

Where judgment has been rendered, at a special term, in favor of the plaintiffs, on demurrer to the complaint as being frivolous, and the defendant has appealed from that judgment to the general term, the respondent cannot make a motion — grounded on the frivolousness of the demurrer and of the appeal — that the case be heard out of its order on the enumerated calendar.

MOTION, by the respondents, that an appeal be heard out of its order on the enumerated calendar.

*J. M. Van Cott,* for the respondents.

*Mr. Larocque,* for the appellants.

*By the Court,* SUTHERLAND, J. Judgment was rendered at special term in this case in favor of the plaintiffs, on the demurrer of the defendants to the plaintiffs' complaint, as frivolous. The defendants appealed from this judgment to the general term. The respondents now make a motion, (grounded on the frivolousness of the demurrer and of the appeal,) that the case be heard out of its order on the enumerated calendar. The motion cannot be granted. There is now no rule or practice of this court which authorizes us

Wilder *v.* Lane.

to grant the motion, whatever power the court may have to make such a rule, or adopt such a practice.

Under the old practice, by a rule of the court, bills of exceptions and demurrers could be noticed as frivolous, and brought on to argument as such, during the first week of the term, but no argument was allowed, to show that they were frivolous. (*Rogers* v. *Hosack, 5 Hill,* 522.)

No doubt frivolous appeals are quite common, and produce great inconveniences and injuries, but it is obvious that, under the code and our present system of practice, it would not do to make a general rule that all appeals might be noticed and brought on to argument as frivolous; for many appeals involve questions of fact as well as law, and it would take as much time for the court to possess itself of the facts, for the purpose of determining whether the appeal was frivolous, as it would to decide the appeal on its merits.

As to a certain class or classes of appeals, involving only questions of law—such as appeals from judgments on demurrer—it appears to me that a rule allowing them to be noticed as frivolous, and to have a preference when so noticed, might be adopted with relief to the court, and advantage to respondents.

As no such rule or practice has been adopted since the code, the motion must be denied, but without costs, as we think the counsel for the respondents, in this case, was justified, from the frequency of frivolous appeals, in calling our attention to the subject of this motion.

Motion denied.

[NEW YORK GENERAL TERM, February 4, 1861. *Clerke, Allen* and *Sutherland,* Justices.]